WILLIAM F. ASHOFF v. FREDERICK J. VAN BRUNT AND
FRANCIS LAMUNION.

*Land contract—Purchase price—Promissory note as security—
Merger—Release of surety.*

The vendor in a land contract took the note of the vendee, which
was signed by a surety, as security for the payment of the
first installment due on the contract, after which he conveyed
the land and delivered the note to his grantee, who paid him
the full purchase price named in the contract. The grantee
then purchased from the vendee his interest in the land, and
the contract was surrendered to him, after which he conveyed
the land by warranty deed, and sold the note, then past due,
and the purchaser sued the maker and surety. And it is held
that on the surrender of the contract the entire interest in the
land merged in the vendor's grantee, who conveyed the land
by warranty deed, and could not thereafter maintain any
action against the vendee to recover any portion of the pur-
chase price under the contract, nor against the vendee and
the surety upon the note, and the plaintiff, having purchased
the note after maturity, stands in no better position than said
grantee.

Error to Berrien. (O'Hara, J.) Argued January 16,
1891. Decided February 27, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*C. B. Potter,* for appellant.

*Lawrence C. Fyfe* and *John A. Watson,* for defendant
Lamunion.

CHAMPLIN, C. J. Plaintiff brought suit on a promis-
sory note signed by defendants, and the circuit judge
directed a verdict for defendant Lamunion.

Briefly stated, the facts are that on September 9, 1886,

one Green sold a parcel of land to Van Brunt, by land contract, for $1,350. The contract provided that $200 should be paid November 1, 1888, the balance at different specified periods in the future. Van Brunt, having no money with which to make a payment down, gave Green a note, signed by himself and Lamunion, due on or before November 1, 1888, and dated September 9, 1886, which was the date also of the land contract. The note was in form joint and several; but it is claimed by Lamunion that he signed it purely as an accommodation for Van Brunt, and that Mr. Green knew such to be the fact. This is admitted by Green. It appeared from the testimony of defendant Lamunion that Green had offered to pay him $50 if he would bring him a purchaser of the land, and that he brought Van Brunt. But the sale could not be consummated without a payment down of $200, and to accomplish the sale and so entitle him to the $50 he signed the note with Van Brunt for $200, which Green received as the down payment, payable November 1, 1888. The plaintiff, on the contrary, claims, and he introduced testimony tending to show, that the payment of this $50 was received by Lamunion as a consideration or inducement to sign the note. Green testifies that he received the note as and for the payment to be made down by Van Brunt, who went into possession of the land, which was improved, used it, and made some improvements thereon. The note has not been paid.

In March, 1888, one Johnson purchased from Green the note and land covered by the contract, subject to the rights of Van Brunt thereunder; and Green gave Johnson a deed of the land, and delivered the note to him, and at the same time, as he testifies, he informed Johnson that Lamunion was merely a surety on the note. It appears that Johnson made the purchase with a view to sell to one Terry, and that Terry would not buy unless

he could have the land free and clear of Van Brunt's claim; and that, the next day after buying of Green, Johnson and Terry went to Van Brunt's, and Johnson purchased his interest in the land and an agreement to deliver possession by April 10 for the sum of $45, which was paid by Johnson, and Van Brunt surrendered his contract to him. This was on March 14, 1888. The next day he sold and conveyed the premises to Terry. Van Brunt surrendered possession to him at or prior to the time agreed upon. When Green sold the land to Johnson he required him to pay the full price for the land, and take the note to collect. Johnson took the note, and paid Green the full price for the land. Lamunion was not consulted. Johnson kept the note, which was not due at the time of his purchase, and, after it was due, sold it to the plaintiff for a valuable consideration, who brought suit against the makers. Van Brunt did not defend. It should further be stated that the contract was drawn requiring the payment of the whole purchase price, viz., $1,350; and that the first payment to be made was $200, on or before November 1, 1888, which is the same time of payment stated in the note; and that no indorsement of any payment was made upon the contract.

The plaintiff's counsel, in effect, requested the court to charge the jury that upon the undisputed testimony in the case the plaintiff was entitled to a verdict. The court refused, and directed a verdict for defendant Lamunion. Counsel for plaintiff bases his request upon the testimony of defendant, and claims that Lamunion is not an accommodation maker for the reason that he received a consideration for signing the note; that he was to receive $50 from Green if he brought him a purchaser; that Green required a payment down of $200, and would not

sell on other terms; that to effect the purchase, and so entitle himself to the $50, he volunteered to sign the note, which Green says he received as a down payment. The testimony bearing upon the question whether Lamunion signed the note as surety and for the accommodation of Van Brunt, when duly considered, leaves no room for doubt that the intention of the parties was that he should stand in the relation of surety, and the note was merely a security for the first payment provided for in the contract. The contract represented the whole purchase price of the land. No indorsement or deduction was made because of the note. It was the purchase price named in the contract for which Green sold the land to Johnson, and Van Brunt was obligated to pay the whole price to Johnson, according to its terms. The interest of Van Brunt in the land was merely a possessory right secured by the contract, subject to the payment of the entire purchase price and interest thereon. He sold that right and interest to Johnson for $45, and surrendered his contract. The entire interest then merged in Johnson, who conveyed the land by warranty deed to Terry. Johnson could not thereafter maintain any action against Van Brunt to recover any portion of the purchase price under that contract; neither could he against Van Brunt and his surety upon the note given to secure the payment of a portion of the purchase price. Plaintiff, being a purchaser of the note after maturity, stands in no better position than his vendor, Johnson.

It follows that the judgment should be affirmed.

The other Justices concurred.